[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14085
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00498-RDP

TAMMY FAYE CASTLEMAN,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 2, 2020)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Tammy Castleman appeals the district court's order affirming the Social Security Commissioner's denial of a period of disability and disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  She argues that the Administrative Law Judge (ALJ) failed to properly determine the onset date of disability, pursuant to Social Security Ruling 83-20.  We affirm.

I.

To be eligible for disability insurance benefits, a claimant must demonstrate a disability on or before the last date on which she was insured.  42 U.S.C. § 423(a)(1)(A); *see Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Social Security regulations outline a five-step process that the ALJ must use to determine whether a claimant is disabled: first, the ALJ considers the claimant's work activity; second, if the claimant is not engaged in substantial gainful activity, the ALJ considers the medical severity of her impairments; third, if the claimant has a severe impairment or combination of impairments of sufficient duration, the ALJ must determine whether that impairment or combination of impairments meets or equals one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1; fourth, if not, the ALJ must determine whether the claimant can perform her past relevant work in light of her residual functional capacity; and fifth, if the claimant cannot perform past relevant work, the ALJ must determine whether she can perform other work found in the national economy commensurate

2

with her age, education, and experience.  20 C.F.R. § 404.1520(a)(4)(i)–(v); *see*

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  If, as the

ALJ found here, the claimant can perform past relevant work, then she is not

disabled.  20 C.F.R. § 404.1520(a)(4)(iv).

Castleman applied for a period of disability and disability insurance benefits

on December 17, 2014, claiming that she became disabled on September 3, 2013.

She claimed that she suffered from type II diabetes, neuropathy, rheumatoid

arthritis, kidney dysfunction, back surgery, neck surgery, mental confusion,

memory loss, lack of sleep, and anemia.  Her claims were denied at the initial level

and she requested a hearing before an ALJ, which was granted.

After the hearing, at which Castleman and a vocational expert testified, the

ALJ found that Castleman could perform her past relevant work as a bookkeeper

and accounting technician, and that she was not disabled between her alleged onset

date, September 3, 2013, and the date that she was last insured for disability

benefits, December 31, 2014.  Castleman challenged the ALJ's decision in the

district court, arguing that the ALJ failed to properly determine the onset date of

her disability pursuant to Social Security Ruling 83-20 and failed to accord proper

weight to the opinions of her treating physician, Dr. Joshi, and that the ALJ's

finding that she could perform past work was not supported by substantial

evidence.  The district court affirmed the ALJ's decision, and Castleman now appeals.

## II.

We review the district court's judgment de novo.  *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "We review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We will affirm if the Commissioner applied the correct legal standards and his decision is supported by substantial evidence.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  Where, as here, the Appeals Council denies review of an unfavorable decision by the ALJ, we review the ALJ's ruling as the final decision of the Commissioner.  *Doughty*, 245 F.3d at 1278.

Castleman's sole argument on appeal is that Social Security Ruling 83-20 required the ALJ to consult a medical expert to determine the onset date of her disability.[1]  She argues that although Dr. Joshi did not explicitly provide an opinion regarding the onset date, the logical inference from his opinions regarding her work limitations was that she became disabled during the time that he provided

---

[1] On appeal, Castleman does not contest the ALJ's determination that she had the residual functional capacity to perform her past relevant work, and that she was not disabled during the relevant time period.  She has therefore abandoned any argument on those issues.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680, 681–82 (11th Cir. 2014); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

treatment, which period ended before the date that she was last insured. Castleman contends that under SSR 83-20, the ALJ should have either given Dr. Joshi's opinions greater weight in determining the onset date or consulted another medical expert.

Social Security Rulings are published under the Commissioner's authority and are binding on all components of the Administration. 20 C.F.R. § 402.35(b)(1); *see Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990) (citing 20 CFR § 422.408 (1989)). Social Security Ruling 83-20 is the policy statement in effect at the time of the ALJ's ruling here that describes the procedure for determining the onset date of the claimant's disability.[2] It states that in "addition to determining that an individual is disabled, the decision maker must also establish the onset date of disability," which it defines as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20. The rule explains that with "slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." *Id.* In such cases—"when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not

---

[2] Social Security Ruling 18-01p rescinded and replaced the relevant parts of SSR 83-20 as of October 2, 2018. SSR 18-01p. Social Security Ruling 18-01p does not apply retroactively, however, so we limit our consideration to the ALJ's application of SSR 83-20. *See* SSR 18-01p(III).

available," it will be necessary for the ALJ "to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." *Id.* The Ruling instructs that the ALJ "should call on the services of a medical advisor when onset must be inferred." *Id.*

The district court correctly determined that the Commissioner's decision here did not contravene SSR 83-20, because (1) the record before the ALJ contained adequate unambiguous medical evidence from which to determine whether Castleman was disabled, and (2) based on that evidence, the ALJ determined that Castleman was not disabled between her alleged onset date and the date that she was last insured. The plain language of the Ruling indicates that it applies when the claimant has shown that she is disabled, or that she was disabled for some period of time before her "last insured" date, but the medical evidence does not clearly indicate when her disability began. Because sufficient available medical evidence supports the ALJ's determination that Castleman was not disabled at any time between her claimed onset date and the date that she was last insured, SSR 83-20 does not apply. *See, e.g.*, *Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008) (concluding that SSR 83-20 did not apply because "[w]ith no finding of disability, there was no need to determine an onset date"); *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) (similar). Accordingly, we affirm.

**AFFIRMED.**